# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JESSE J. ANDERSON, JR.,
　　　　　*Defendant-Appellant.*

No. 03-4325

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-02-660)

Submitted: November 19, 2003

Decided: December 8, 2003

Before WILKINSON and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Debra Y. Chapman, DEBRA CHAPMAN P.A., Columbia, South
Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jesse J. Anderson appeals his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Anderson's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one issue, but stating that she finds no meritorious grounds for appeal.

In the *Anders* brief, counsel questions whether the district court properly complied with the requirements of Fed. R. Crim. P. 11 when accepting Anderson's guilty plea. Because Anderson failed to object or move to withdraw his guilty plea, this Court reviews his plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *cert. denied*, 537 U.S. 899 (2002). After a close review of the plea proceedings, we conclude that the district thoroughly complied with the requirements of Rule 11.

In his supplemental pro se brief, Anderson contends that the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), renders section 922(g) unconstitutional, because Congress does not require the Government to allege prior felony convictions in the indictment or prove their existence beyond a reasonable doubt. However, *Apprendi* held that any fact other than a prior conviction that increases the penalty must be proved beyond a reasonable doubt. *Id.* Therefore, this challenge is meritless. *See United States v. Sterling*, 283 F.3d 216, 220 (4th Cir. 2002).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Anderson's conviction and sentence. We deny Anderson's motion for substitute counsel, which was based on his erroneous assumption that he would have to pay a retainer to his court appointed attorney. This court requires that counsel inform her client, in writing,

of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*